## Owens *against* Dawson.

In an action of *assumpsit*, a bill in chancery cannot be given in evidence as an admission of facts against the complainant himself, except in the case of pedigree, and not then, unless the party claims or derives title in some manner under the plaintiff or defendant in the chancery suit.

ERROR to *Fayette* county.

This was an action of *assumpsit* by *Joshua Dawson* against *Vincent Owens*, for money had and received, and for goods sold and delivered. Pleas, *non assumpsit*, and payment with leave, &c.

It appeared that a certain *John Lang* had been indebted, by note, to *Dawson*, in the sum of 450 dollars; that *Dawson* had given *Owens* an order on *Lang* for 300 dollars, which was to be a credit on *Lang's* note, which was then delivered to *Owens*. *Owens* received from *Lang*, on the order, 177 dollars and 79 cents, and afterwards recovered against him 60 dollars. It was alleged by *Dawson* that the whole amount of the order was not owing by him to *Owens*; and to prove the issue on his part, the plaintiff below offered in evidence a bill in chancery, filed in the superior court of chancery in Winchester, Virginia, by *John Gordon* and *Frederick Light*, against *Joshua Dawson*, *Vincent Owens* and *John Lang*. The defendant objected to the reading of the said bill. The court admitted the evidence; and the defendant excepted.

In the proceedings in chancery, the *subpœna* was served on *Lang*, and on *William* or *Vincent Owens*. *Lang* alone answers. The decree, and the rest of the record, excepting the bill, was admitted by consent, or, all the facts stated in it were admitted. The bill alleges the receipt of 100 dollars by *Owens*, from *Lang*, " which sum of 100 dollars, the plaintiffs believe, is as much as said *Owens* is entitled to."

The admission of the bill in chancery was the only error assigned.

*N. Ewing,* for plaintiff in error, cited, *Starkie's Ev.* 286 ; 2 *Selw. N. P.* 211 ; 1 *Phil. Ev.* 263.

*Austin,* for defendant in error, cited, *Phil. Ev.* 282.

The opinion of the Court was delivered by

Rogers, J.—This was an action of *assumpsit,* for money had and received for goods sold and delivered. Pleas, *non assumpsit,* and payment with leave, &c.

The case was this. *John Lang* was indebted to *Dawson* 450 dollars. *Dawson* gave *Owens* an order on *Lang* for 300 dollars, which was to be a credit on *Lang's* note, which was delivered to *Owens. Owens* received from *Lang,* on the order, 177 dollars, and afterwards recovered from him 60 dollars. It was alleged by *Dawson* that the whole amount of the order was not owing by him to *Owens,* and for the difference this suit was brought. To prove the issue, on his part, the plaintiff offered in evidence a bill in chancery, filed in the superior court of chancery in Winchester, Virginia, by *John Gordon* and *Frederick Light* against *Joshua Dawson, Vincent Owens* and *John Lang.* The defendant objected to the reading of the bill, but the court admitted the evidence, and the defendant excepted. The admission of the evidence is the only error assigned. It must also be stated, as part of the case, that the *subpœna,* in chancery, was served on *Lang,* and on either *Vincent* or *William Owens,* but not on *Dawson. Lang* alone made answer. The decree, and the rest of the record, excepting the bill, was admitted by consent, and all the facts stated in it admitted. The bill alleges the receipt of 100 dollars by *Owens* from *Lang.* In this there was error. Answers in chancery, which are confessions, are strong evidence against the party who makes them. But a bill in chancery wherein many of the facts are the mere suggestions of counsel, made for the purpose of extorting an answer from the defendant, will not be in evidence, except to show that such a bill did exist, and that certain facts were in issue between the parties, in order to introduce the answer, or the deposition of witnesses. It is not admitted in courts of law, as evidence, to know any fact either alleged or denied in the bill. Lord *Kenyon* is reported to have admitted a bill in chancery, filed by an ancestor, to be evidence of a pedigree there stated, as a declaration in the family. But it was resolved by the judges, in the *Banbury Peerage* case, on a question put to them by the house of lords, that a bill in equity, or depositions, cannot be received in evidence in the courts of common law, on the trial of an ejectment against a party not claiming or deriving title in any manner under the plaintiff or defendant in the chancery suit, either as evidence of the facts therein deposed, or as declarations respecting pedigree. The law seems, therefore, to be now settled, that a bill in chancery cannot be given in evidence as an admission of facts against the complainant himself, except in the case of pedigree, and not even then, except as a party

who claims or derives title in some manner under the plaintiff or defendant in the chancery suit.

The bill was not offered to prove pedigree, but the fact that *Owens* had received one hundred dollars from *Lang* ; and if the bill would not, as we have shown, have been evidence against the complainants, it is difficult to conceive in what way it can be made evidence, for that purpose, against *Owens* in favour of *Dawson.* It must be remarked, that the *subpœna* was served on *Lang,* and on either *Vincent* or *William Owens,* but *Lang* alone answers. It was not served on *Dawson ;* so that the only person who can be said to have admitted the facts, was *Lang.* This, therefore, was *res inter alias acta,* and not admissible as evidence, either for or against either *Dawson* or *Owens.* A decree in chancery may be given in evidence on the same footing, and under the same limitations, as the verdict and judgment of a court of common law. If this, then, had been a suit by *Gordon* and *Light* against *Dawson, Owens* and *Lang,* a judgment against *Dawson* and *Lang* would not be evidence in a suit between *Dawson* and *Owens.* The fact that the rest of the record, excepting the bill, was admitted by consent, and all the facts stated in it admitted, does not alter the case. We have no right to extend the case beyond the agreement of the parties. It is true that, according to the course of the chancery practice, there was a decree against all the defendants, although it was *Vincent Owens* that was served with notice of the bill, and it was certain that *Dawson* was not. This proceeding in chancery was *in rem,* and not *in personam.* The right to appear and show cause against the decree is reserved to the absent defendant.

We cannot think that the allegations in the bill ought to be given against either of the defendants, by the other, in a suit between them, as it is uncertain whether either had notice of even the filing of the bill, and cannot be supposed, except as between the complainant and them, to have admitted the truth of them. If *John Lang* paid the sum alleged in the bill, he was a competent witness to prove the fact, in a suit between *Owens* and *Dawson.*

Judgment reversed, and a *venire de novo* awarded.