## Ligouri, Appellant, *v.* Supreme Forest Woodmen Circle.

Argued April 4, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, MAXEY, DREW and LINN, JJ.

*John E. Evans, Sr.,* of *Margiotti, Pugliese, Evans & Reid,* for appellant.

*Joseph A. Langfitt, Jr.,* of *Langfitt & Langfitt,* for appellee.

OPINION BY MR. JUSTICE MAXEY, April 22, 1935:

This was a suit on a contract of insurance issued by defendant on the life of plaintiff's deceased wife. The "benefit certificate" provided that the face amount, $2,000, would be paid the husband upon due proof of the death of plaintiff's wife while a member in good standing of the defendant society. "Section 46, Condition Fourth" of

the contract contains a provision, assented to in writing by insured, that the certificate shall be null and void if the insured dies by her own hand, whether sane or insane. Plaintiff's statement sets forth that insured died on September 26, 1927, while the policy was in force, and that good and sufficient proof of death in accordance with defendant's rules and regulations was furnished. The affidavit of defense averred that insured died by her own hand. Plaintiff filed a reply denying this and setting forth that "on the contrary her death was caused by an accident in the accidental discharge of a revolver when the decedent tripped and fell over some obstruction while intending to put the revolver away." (This averment of accidental death was not essential to plaintiff's right to recover.) The case was submitted to a jury and a verdict was returned for the defendant. Plaintiff moved for a new trial.

Judgment must be reversed and a new trial granted because of the errors in the charge of the court. The fundamental error was in treating this "benefit certificate" as an *"accident* policy." In such policies the burden of proof of *accidental* death rests upon the plaintiff. But there is nothing in this "benefit certificate" which refers even remotely to death by accident. Plaintiff met all the burden resting upon him when he proved the insured died while in good standing in the defendant benefit society, and when he furnished the defendant with due proof of that fact. The defense of death by suicide is an affirmative one and as we said in Watkins v. Prudential Ins. Co., 315 Pa. 497, 508, 173 A. 644: "When in a suit on a policy containing a provision avoiding the policy if the insured dies by his own hand, plaintiff makes out a prima facie case, and defendant seeks to avail itself of the substantive defense reserved in the policy that the loss was due to a cause or risk *specifically excepted in the policy,* the defense becomes an affirmative one and has the burden of proof." That is exactly the situation in the case at bar.

The first assignment of error which is based upon the following portion of the charge to the jury, is sustained: "We will say in relation to the accidental death claim, the law with regard to that feature of it, or other contentions, must be established by the reasonable preponderance or weight of the testimony, as we said, in relation to the claim of suicide on the part of the defendant. When that is answered and something else is alleged, then the jury must be satisfied by the reasonable weight of the testimony, and by that I mean the credible testimony in the case."

The second assignment of error is also based on an excerpt from the charge of the court, which treats this case as one in which it is incumbent upon the plaintiff to prove accidental death. The third assignment of error is based upon the court's affirming defendant's first point which reads as follows: "Under the law and the evidence the burden of proof of accidental death has shifted to the plaintiff." The only remaining assignment of error is based on the court's entering final judgment. All these assignments are sustained.

The trial judge was apparently led into error by plaintiff's "reply" (above cited) averring the insured's accidental death. This was surplusage. Plaintiff merely had to plead the facts necessary to recover, and accidental death was not one of them. Surplus averments do not vitiate a pleading and should be disregarded on the trial. "If the statement contain allegations of fact not essential to the cause of action sued upon, the plaintiff is not bound to prove them, and failure to do so would not constitute a fatal variance which would preclude recovery if the essential averments have been duly established: Grubb v. Mahoning Nav. Co., 14 Pa. 302"; Stegmaier v. Keystone Coal Co., 225 Pa. 221, 74 A. 58; 24 Standard Enc. of Procedure, page 580.

The judgment of the court below is reversed with a venire.