## Bovard et al. v. Ohio Farmers Insurance Company

*L. D. Savige* and *W. M. Murphy*, for plaintiffs.
*Edward W. Warren*, for defendant.

ROBINSON, J., August 19, 1948.—These are preliminary objections to an amended complaint in assumpsit declaring upon a policy of fire insurance.

The objections allege that plaintiffs have not pleaded their case in concise and summary form; that certain allegations are immaterial and not essential to the statement of a prima facie case; that the complaint is designed to anticipate certain defenses, and that other allegations are not sufficiently informative.

Counsel have agreed that certain information desired by defendant may be supplied by plaintiffs and made part of the record at a pretrial conference.

In deciding any matter of pleading we are required to apply the Rules of Civil Procedure in such way as to secure a just and speedy determination of the action and to disregard any error or defect of procedure which does not affect substantial rights: Pa. R. C. P. 126.

Pa. R. C. P. 1019(a) provides that: "The material facts on which a cause of action or defense is based shall be stated in a concise and summary form". This provision is derived from section 5 of the Practice Act of May 14, 1915, P. L. 483, 12 PS §386. The prohibition against the pleading of evidence, inference and conclusions of law, as it was known under the Practice Act of 1915, however, is not to be strictly applied by a court administering a system of pleading designed to secure a just and speedy determination of litigation: Goodrich-Amram, Actions at Law, Prelim. Surv. pp. 92, 93. This does not mean that a party may now present material previously forbidden without violating the concepts of good pleading. In such event, when it is apparent that confusion will result, the court will intervene to order the improper material stricken off. Otherwise, the courts do not look with favor upon objections that are purely technical and captious in their nature and without which the case might proceed to an earlier conclusion.

We cannot agree with defendant's propositions that, under the "concise and summary" requirement of Pa. R. C. P. 1019(a) plaintiff is only permitted to plead a "prima facie" case in any action of this nature, as defendant understands such to be, and that plaintiff

is not permitted to deviate from the form recommended in 3 Standard Pa. Practice 280, 281, or other authority.

Factual differences in the numerous cases which a court is called upon to adjudicate are reflected by the differences in the pleadings setting these cases at issue. Pleading, in the Anglo-American system of jurisprudence, has never been a mere matter of filing a stereotyped form. It is seldom that sets of pleadings are identical, even in cases involving the same questions of law.

In this case the preliminary objections attack those portions of the complaint dealing with the manner in which the policy in suit was issued and the occupancy of the insured premises.

The complaint discloses that the policy was issued on behalf of defendant company by its agent, Venald W. Bovard, one of the plaintiffs, who thereby was undertaking for defendant company the fire risk on the property in which plaintiff Bovard presumably owned a one third interest. Without more it is apparent that the policy would not be effective to bind defendant company.

In the law of agency it is well settled that an insurance agent, like any other agent, cannot bind his principal to a contractual undertaking which is wholly or partially for the agent's benefit, without full knowledge in the principal of all the material facts in connection with the transaction: Mechem on Agency, sec. 1078; A. L. I. Restatement of the Law of Agency, §390; Shepard & Co. v. Kaufman, 88 Pa. Superior Ct. 57.

It was, therefore, necessary for plaintiffs to allege not only that one of their number, Bovard, issued the policy as the agent of defendant but, also, in order to meet requirements of the substantive law of agency, to allege facts showing the principal had full knowledge of the transaction and that its agent was insuring his own interest in the property. Allegations of this na-

ture are not to be considered immaterial or condemned as purely evidential.

So too, in the matter of the occupancy of the insured premises, a rider attached to and forming part of the policy describes the insured premises as "occupied for a refrigeration service store and two family apartments". The same instrument grants, to the insureds, the privilege of unoccupancy without limit of time under certain conditions. Therefore, pleading of facts showing compliance with the conditions permitting vacancy, and showing the factual circumstances of occupancy, or vacancy, is not objectionable as immaterial or evidential. On the contrary, such information will undoubtedly be of aid to defendant in the preparation of any defense that may be available. In actions of this kind, it is always incumbent upon plaintiff to place allegations in the complaint showing compliance with the terms of the insurance contract.

Neither do we consider the complaint to be such that it anticipates defenses as that term is commonly understood. The general rule disapproving of the pleading of matters designed only to anticipate a defense concerns itself with the affirmative defenses, set-offs and counterclaims. It does not apply to those defenses which may be available to defendant because of the omission or absence of an essential element in the pleading or proof of plaintiff's case. The rule that plaintiff need not anticipate defenses is primarily for the benefit of plaintiff and not defendant: 3 Standard Pa. Practice 144-146, §44. The purpose of the rule is to prevent disturbances in an orderly system of pleading designed to fix the issues and the burden of proof. Here, plaintiffs' pleading cannot alter or confuse the issues involved and the matters complained of tend to clarify, rather than cause confusion concerning, the burden of proof.

Where defendant, in preparing responsive answers to plaintiffs' complaint under the Rules of Civil Pro-

cedure, is convinced of the inconsequencé of certain allegations in the pleading, he may treat them as harmless surplusage and ignore them: Goodrich-Amram, Actions at Law, Prelim. Surv. pp. 92, 93. It has long been settled that the pleading itself is not vitiated by the surplusage: Ligouri v. Supreme Forest Woodmen Circle, 318 Pa. 424.

Now, August 18, 1948, preliminary objections to the complaint are overruled.