## Armstrong Cork Company v. Kimmel et al.

*Paul A. Mueller*, for plaintiff.

*Windolph & Johnstone*, for defendants.

SCHAEFFER, P. J., AND WISSLER, J., October 22, 1954.—Plaintiff filed a complaint in assumpsit to recover the value of junk and waste material alleged to have been stolen and converted by defendants to their own use. Defendant Nathan Kimmel, individually and trading as Louis Kimmel's Son, filed a preliminary objection to the complaint, under Pa. R.

C. P. 1017, which is now before the court for disposition.

Paragraph 12 of the complaint sets forth:

"The plaintiff filed a petition seeking a right of inspection of the books and records of the defendants, in accordance with the Rules of Civil Procedure of the Commonwealth of Pennsylvania, but its request was refused by the Court of Common Pleas of Lancaster County in an opinion filed on March 27, 1953. Both the petition of the plaintiff seeking this right of inspection and the opinion of the court in refusing to make an order as prayed for are made a part of this pleading by specific reference and incorporation herein."

Paragraph 13 sets forth:

"The court, in the opinion referred to in paragraph 12, referred to its order made in the case of Armstrong Cork Company v. Jacob J. Miller, et al., 15, July term, 1952, which is as follows: 'And now, March 27, 1953, upon consideration of the plaintiff's petition and the objections filed thereto by defendants, the court permits discovery by oral depositions of the names and addresses of all witnesses having knowledge of the facts on which plaintiff's claim is based, as set forth in its petition for discovery; and in respect to the right of inspection, defendants are hereby ordered to produce and permit the preliminary inspection by a special master to be appointed, of all documents, papers, books, account books and correspondence, except income tax returns, which relate to plaintiff's claim as aforesaid, and to make a written report to this court relative thereto.' "

Paragraph 14 sets forth:

"Insofar as the plaintiff has any knowledge, the Court of Common Pleas of Lancaster County, Pennsylvania, has never appointed its own special master under its order as set forth in paragraph 13 above, and

the defendants have never produced and permitted a preliminary examination of their documents, papers, books, etc. as in said order directed."

Paragraph 15 sets forth:

"On June 18, 1953, Nathan Kimmel, one of the defendants, issued a rule upon the plaintiff to file its complaint in this cause of action."

Paragraph 21 sets forth:

"The refusal of the Court of Common Pleas of Lancaster County, Pennsylvania, to permit an examination by the plaintiff of the books of the defendants has deprived the plaintiff of access to a possible source of information as to the exact times, the exact amounts and the value of its personal property, stolen or converted by the defendants to their exclusive use and benefit."

Defendant's objection to paragraphs 12, 13, 14, 15 and 21 of the plaintiff's complaint concerning proceedings in the Court of Common Pleas of Lancaster County, is that they are immaterial, scandalous and impertinent.

Paragraph 16 of the complaint refers to the conviction of Nathan Kimmel of criminal conspiracy, and paragraph 17 refers to his conviction of fraudulent conversion and receiving stolen goods, both docketed in the Court of Quarter Sessions of Lancaster County.

Paragraph 18 refers to the plea of guilty by defendant, Frank E. Hauck, to the charge of embezzlement and fraudulent conversion, docketed in the Court of Quarter Sessions of Lancaster County.

Likewise defendant's objection to paragraphs 16, 17 and 18 of the complaint, referring to proceedings in the Court of Quarter Sessions of Lancaster County, is that they, too, are immaterial scandalous and impertinent.

Defendant, in support of his motion to strike off the eight paragraphs of plaintiff's complaint to which he

directed his objection, invokes Pa. R. C. P. 1019(*a*), which provides:

"The material facts on which a cause of action or defense is based shall be stated in a concise and summary form."

Rule 1019(*a*) does not restrict plaintiff to pleading only a prima facie case. A plaintiff's complaint is not defective merely because he avers facts not necessary to establish a prima facie case: Bovard et al. v. Ohio Farmers Insurance Company, 64 D. & C. 316; Dann Associates v. Cleveland Bros. Equipment Co., 64 Daup. 31. It has long been settled that surplus averments do not vitiate a pleading and should be disregarded on the trial: Ligouri v. Supreme Forest Woodmen Circle, 318 Pa. 424. While evidence should not be pleaded under Pa. R. C. P. 1019, it has been held in instances where the adverse party is not prejudiced, that "to further the speedy and inexpensive administration of justice" a pleading should not be held defective merely because in addition to the statement of the material facts a pleader has set forth unnecessary evidence by which he intends to prove the material or ultimate facts: 2 Anderson Pennsylvania Civil Practice 364; Davis et al. v. Carr, 61 D. & C. 479. This statement in 2 Anderson 364, supra, was approved in Lever Brothers Co. v. Pugliese, 42 Luz. 153.

In Goodrich-Amram's Commentary on the Pa. R. C. P., at pages 80 to 85, it is stated:

"Rule 1019 (a) retains verbatim the language of § 5 of the Practice Act of 1915 which requires the statement of 'the material facts' in a 'concise and summary form.' . . . The Rule, however, omits that part of § 5 which forbids the pleading of 'evidence,' 'inferences' and 'conclusions of law.' "

At pages 86 and 87 of the commentary it is said:

"The elimination of the words 'evidence,' 'inference' and 'conclusion of law' from Rule 1019 (a) does not

mean that they may now be pleaded with impunity. On the contrary, the Rule refers only to the pleading of the 'material facts,' and the defendant, under Rule 1029 (a), is required to answer only 'the averments of fact' in the complaint. What the Rule really does is to remove the emphasis on form which was inherent in § 5, which used the words 'shall contain, and contain only.' As a result, any inclusion of the forbidden material was a violation of the affirmative directive of the statute. Under the Rule, as now drawn, the 'evidence,' 'inference' or 'conclusion of law' may be treated as harmless surplusage and ignored by the opponent in preparing the responsive pleading. In addition, the removal of the emphasis gives the court considerably more flexibility in construing the pleading, and will eliminate the bothersome speculation upon the exact definition of each of these vague terms."

We think that the allegations in paragraphs 12, 13, 14, 15 and 21 of plaintiff's complaint, or in paragraphs 16, 17 and 18 of plaintiff's complaint, will not harm defendant. In reaching this conclusion the court is giving effect to the mandate of Pa. R. C. P. 126, which provides:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

In Diehm et al. v. Moore et al., 63 Montg. 158, it was held that:

"Considerable latitude must be shown a plaintiff when he is endeavoring to draw a statement of claim based on the fraudulent conduct of the defendant. . . . It is also sometimes difficult in such cases to draw a distinct line of demarcation as to when an allegation

is one of a fact necessary to a pleading and when it is an item of evidence which is not properly included in the pleading."

As to the motion to strike out paragraphs 16, 17 and 18 with reference to the convictions and record of pleas of guilty in the Court of Quarter Sessions of Lancaster County, the question there raised is whether or not the matters pleaded are matters of substantive law or matters of evidence. See O'Brien et al. v. O'Brien, 362 Pa. 66, 72. In Cherelli et ux. v. Puleo et ux., 78 D. & C. 83, it was held that pure questions of evidence should be taken care of at the trial. In Sanders, etc., et al. v. Green Spring Dairy, Inc., et al., 58 D. & C. 439, it was held that while under Pa. R. C. P. 1019, evidence should not be pleaded, the inclusion in a statement of matter which may be considered evidentiary, if otherwise unobjectionable, will be treated as harmless surplusage. In Broido v. Kinneman, 375 Pa. 568, it was held that orderly procedure requires that a court should not treat with a question of law unless and until its solution is essential to the proper disposition of the matters litigated.

The court concludes, under the unusual pleaded facts and circumstances of the instant case, and especially because at the time plaintiff was ruled by defendants to file a complaint there was still pending a further proceeding for discovery instituted by plaintiff, that the pleadings in the instant case as contained in paragraphs 12, 13, 14, 15 and 21 of the complaint are proper and sufficient; and the court likewise concludes that while the allegations in paragraphs 16, 17 and 18 of the complaint referring to the pleas of guilty and convictions of defendants, as docketed in the Court of Quarter Sessions of Lancaster County, are matters of evidence and under rule 1019 should not be pleaded,

nevertheless in view of the fact that they form the basis of plaintiff's claim, the question of their relevancy as evidence can more properly be disposed of at the trial.

And now, October 22, 1954, for the foregoing reasons, the preliminary objection by way of motion to strike off the complaint of plaintiff is overruled.