## Aschinski v. Winitz

*David Rosenblum*, for plaintiff.
*Robt. H. Dickman*, for defendant.

TAKIFF, *J.*, September 25, 1975—

## HISTORY

Plaintiff leased business premises from defendants in December 1971. In March 1975, plaintiffs were notified that the premises would be demolished and that the lease would be terminated. Subsequently, plaintiffs requested that their security deposit of $600 be applied on account of the last month's rent, which request was refused. Plaintiffs allege that they have paid all rents and charges due and owing and that, after the termination of the lease on April 30, they have repeatedly demanded the return of their security deposit but have been refused. In addition, count II of the amended complaint alleges an illegal levy and distraint, claiming that there was no prior notice of any default under the lease, nor was there any basis for defendants' demand of $2,891.84 allegedly due for excess cost of operations under paragraph 33 of the lease.

## DISCUSSION: MOTION TO STRIKE
## NEW MATTER

Plaintiffs move to strike paragraphs 32 through 35 of defendants' new matter which reads as follows:

"32. At diverse times between, on, or about March 10, 1975, and on or about April 16, 1975,

plaintiffs, acting through members of the law firm of Astor & Weiss, plaintiffs' duly authorized counsel, discussed plaintiffs' indebetdness [sic] as aforesaid with defendant Goldberg & Frankel, P.C.

"33. During the course of the aforesaid discussions, plaintiffs acknowledged their indebtedness as aforesaid.

"34. During the course of the aforesaid discussions, plaintiffs offered their security deposit and certain additional sums in satisfaction of their aforesaid indebtedness.

"35. During the course of the aforesaid discussions, plaintiffs were advised that if no amicable settlement were reached, a levy and distraint would issue."

Plaintiffs contend that these averments have no relevance or pertinence to the material issues of this case. Defendants reply that they are relevant to the issue of plaintiffs' knowledge of their indebtedness.

The motion to strike paragraphs 32 through 35 should be denied. Generally, immaterial averments are to be treated as harmless surplusage: Ligouri v. Supreme Forest Workmen's Circle, 318 Pa. 424, 178 Atl. 398 (1935). Impertinent matter not injurious or prejudicial need not be stricken, but may be ignored by the responding party: Good v. Ging, 5 Lyc. 97 (1955); Barndt v. Senese, 69 Montg. 3 (1952). Here, even if the averments are immaterial, no danger of confusion or prejudice appears.

Plaintiffs also move to strike paragraph 41 of defendants' new matter. I believe this motion should be granted. Defendants, in their answer, admit that the levy and distraint was issued, but add in their new matter that they instructed the landlord and tenant officer not to interfere with plaintiffs' re-

moval of property, that plaintiffs did remove all of their property from the premises, and hence, there has been no levy or distraint. Paragraph 41 then states the following:

"41. Disciplinary Rule 7-102(A) of the Code of Professional Responsibility provides, in pertinent part that:

"A. In his representation of a client, a lawyer shall not:

"1. File a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of his client when he knows or when it is obvious that such action would serve merely to harass or maliciously injure another.

\* \* \* \* \*

"5. Knowingly make a false statement of law or fact."

This paragraph should be stricken. "Scandal in a pleading consists of any *unnecessary* allegation which bears cruelly on the moral character of an individual or states anything which is contrary to good manners, or anything unbecoming to the dignity of the court to hear, or which charges some person with crime not necessary to be shown in the cause.": Schwingen v. Piekarski, 13 D. & C. 2d 617 at 618 (1957) (emphasis added), citing In re Goodman's Estate, 28 Dist. R. 127 (1918). Even if the averment is supported by competent evidence, it has no relevance in this proceeding.

## DISCUSSION: MOTION FOR MORE SPECIFIC COUNTERCLAIM

Plaintiffs' first objection is to paragraph 43, which incorporates by reference paragraphs 8 and

9 of the amended complaint, and exhibit A of the complaint, and paragraphs 8 and 9 of the answer, and exhibits I and II thereof. Plaintiff objects that this is inconsistent, since paragraphs 8 and 9 of the complaint aver that exhibit A is the complete lease agreement, whereas paragraphs 8 and 9 of the answer reply that exhibit A omits two amendments, exhibits I and II.

Perhaps it would have been clearer had defendants, in paragraph 43, simply averred that the lease (exhibit A), together with the amendments, (exhibits I and II) constituted the agreement between the parties. Nevertheless, it is clear enough from paragraph 43 that this is what defendant is averring, and further amendment would seem an unnecessary waste of time. Plaintiffs' motion for more specific pleading will be denied where there is no question of the matter in controversy and a party is able to know exactly what he is required to defend: Anderson, 4 Pa. Civil Practice at 34-35.

The counterclaim also alleges that amounts are due for 1973 and 1974 "cost of operation" under paragraph 33 of the lease, which provides that lessee will pay 1/35th of lessor's cost of operations in excess of the cost of operations for a base period "promptly upon presentation of a bill therefor." Plaintiffs object that the counterclaim fails to specify what costs incurred by defendants are reflected in the claim, how it was calculated, and whether plaintiffs were ever billed for such charges. The information is known to defendants and not to plaintiffs. Plaintiffs allege that the counterclaim is not specific and complete enough to enable them to prepare their defense. This demand for a more specific counterclaim is justified.

## ORDER

And now, September 25, 1975, upon consideration of plaintiffs' preliminary objections to defendants' new matter, it is hereby ordered and decreed that plaintiffs' preliminary objections are denied as to paragraphs 32 through 35 and sustained as to paragraph 41, and said paragraph 41 is stricken.

And upon consideration of plaintiffs' preliminary objections to the counterclaim of defendant Garmac Company, it is hereby ordered and decreed that plaintiffs' preliminary objections are denied as to paragraph 43 and sustained as to paragraph 46, with leave to defendant Garmac Company, Inc., to file a more specific counterclaim within 20 days from the date hereof or suffer a non pros.