## Ashley Borough Appeal.

Argued November 24, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*John C. Phillips,* for appellant.

*J. H. Oliver,* with him *Gilbert S. McClintock* and *Franklin B. Gelder,* for appellee, Glen Alden Coal Company.

*Thomas C. Evans,* with him *Phil H. Lewis,* Deputy Attorney General, and *James H. Duff,* Attorney General, for appellee, Department of Highways.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 3, 1944:

The State Mining Commission, as provided for by the Act of July 3, 1941, P. L. 259, 52 PS section 1501, has determined that the Borough of Ashley is liable for $9,123.80 in damages to Glen Alden Coal Company for coal found necessary to be left in place for the vertical and lateral support of State Highway Route No. 170, Section 9, in the County of Luzerne. From this order of the Commission, the Borough appeals.

In 1934 and 1935 the Borough passed two ordinances and a resolution approving the construction of the State Highway through the Borough, and adopting the grades, courses and distances suggested on the maps and plans of the State Highway Department. The construction of

the road, in accordance with the ordinances and plans, constituted a widening and relocation of a Borough street, and the coal for which the coal company claims damages is subjacent to this improvement.

By the passage of the two ordinances the Borough of Ashley, and not the Commonwealth, became liable for all damages incident to the construction of the improvement. The ordinances were, in effect, condemnation ordinances and a manifestation of the borough's power of eminent domain, derived from Article XIV of the General Borough Act of May 4, 1927, P. L. 519, 53 PS section 13421.

Section 10 of the Sproul Act of May 31, 1911, P. L. 468, 36 PS section 101, the first comprehensive law concerning state highways, specifically withheld authority from the Secretary of Highways to interfere with the streets of boroughs. See *Fetherolf's Petition,* 84 Pa. Superior Ct. 514, cited with approval in *Blainesburg-West Brownsville Rd.,* 293 Pa. 173, 142 A. 319, and *Westmoreland Chemical & Color Co. v. Public Service Commission,* 294 Pa. 451, 144 A. 407.

The Act of June 23, 1931, P. L. 920, 36 PS section 376, however, provided that the Secretary of Highways could "change, alter or establish the width, grades or lines" of a State highway within a borough providing he secured the approval of *both* the Governor of the Commonwealth and the commissioners of the county wherein the borough was located. But in the instant case, the County Commissioners were unwilling to give their unqualified approval and by resolution informed the Department of Highways that they would not assume damages resulting from the necessity of preserving vertical and lateral support.

The Act of May 21, 1937, P. L. 757, 36 PS section 378, gave the Secretary of Highways power, independent of the approval of other officials, to change the existing widths and locations of borough streets and to pay the damages involved in these improvements from the Motor

License Fund. The Secretary had no such power prior to this Act and at the time these ordinances were passed in 1934 and 1935. It follows, therefore, that the Borough of Ashley alone had the power to effect the widening and relocation of this street, and by the passage of ordinances adopting the plans for such changes, is responsible in damages for the coal found to be necessary for support of the new highway route. By collaborating with the Highway Department for the purpose of constructing the state route, the Borough did not surrender its power of eminent domain. It cannot escape the liability resulting from the exercise of this power, and must respond to the party injured. Although the construction of the highway was accomplished in pursuance of an agreement between the Commonwealth and the Borough, the latter is not thereby divested of responsibility to the landowners for its exercise of eminent domain.

Order affirmed. Costs to be paid by appellant.