Henry Shenk Company *v.* Erie, Appellant.

Argued May 23, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Edward M. Murphy*, City Solicitor, for appellant.

*A. Grant Walker*, with him *Gunnison, Fish, Gifford & Chapin* and *Henry A. MacDonald*, for appellee.

OPINION BY MR. JUSTICE JONES, June 29, 1945:

This is an appeal by the defendant from a judgment entered on a jury's verdict for the plaintiff in a proceeding for the ascertainment of the damages to the

plaintiff's property due to a change of drainage under an abutting highway. The error assigned is the denial by the learned court below of the defendant's motion for judgment n. o. v. which was based on the grounds (1) that the Commonwealth, and not the defendant municipality, was responsible for the alleged injury and (2) that the plaintiff company or its predecessor in title had waived all damages to its property resulting from the widening and improvement of the highway. The quantum of the verdict is not questioned nor is any trial error assigned, no motion for a new trial having been filed by the defendant.

The plaintiff corporation is the owner of property located on East Twelfth Street in the City of Erie (a third class city) where it conducts a brick manufacturing business. On February 28, 1911, while the portion of East Twelfth Street, upon which the plaintiff's property abuts, was then located in Millcreek Township, property owners there abutting on the highway petitioned the Board of Road Supervisors of the Township ". . . to widen and extend the existing limits of said roadway to a uniform width throughout its length of Forty (40) feet on either side of the present center line thereof. . .". They also ". . . waive[d] and relinquish[ed] [their] right to claim of [sic] demand of said Township of Millcreek any and all damages or injuries which may be sustained . . . by [their] several properties by reason of said improvement . . .", and dedicated to the Township "the required additional land for said purpose." The Board of Road Supervisors granted the petition and in an ensuing viewers proceeding, instituted in the court below at No. 24 February Term 1914, filed therein releases of damages to the abutting properties, signed by the respective owners, including the Henry Shenk Company, the present plaintiff, and the Dunn Brick Works. The latter company had been wholly owned by the Henry Shenk Com-

pany since 1909; and it was on the premises of the Dunn Brick Works that the plaintiff carried on its manufacture of bricks, the land there being composed of shale which was well suited for brick manufacturing purposes.

On June 26, 1942, some time after East Twelfth Street in Millcreek Township had been incorporated into the City of Erie, the latter municipality passed an ordinance whereby it adopted, as the "official City Plan" for East Twelfth Street, plans of the State Department of Highways which showed improvements to be made on East Twelfth Street with respect to drainage facilities adjacent to the Dunn Brick Works. The improvements were carried out by the Commonwealth in accordance with the Highway Department's plans. There is nothing in the record to indicate any agreement between the Commonwealth and the City of Erie with respect to an apportionment of the cost of the improvements or the damages incident thereto.[1]

Prior to the drainage improvements to East Twelfth Street in accordance with the Highway Department's plans, a ditch ran across the plaintiff's property into which an existing culvert under Twelfth Street emptied. There was evidence that, until the improvements abovementioned, the ditch had been free of water for the greater part of the year and that such was its condition even subsequent to some enlargement thereof by the Works Progress Administration in 1934. In keeping with the Highway Department's plans, the culvert under Twelfth Street was lowered, the ditch across the plaintiff's property was widened and deepened and storm sewers draining a much greater area than there-

---

[1] See Act of May 1, 1929, P. L. 1054, No. 409, Section 1 (36 P.S. § 391), which authorizes, but does not require, agreements between the Department of Highways and cities of the third class, inter alia, ". . . for the improvement, construction, reconstruction and/or maintenance . . ." of State highways running through such cities.

tofore were turned into the culvert with the result that there was thenceforth a steady stream of water flowing through the ditch. The additional water in the ditch seeped into the shale and rendered a large quantity of it useless for brick manufacturing purposes to the plaintiff's injury and damage.

Upon completion of the drainage improvements, the plaintiff petitioned the court below to appoint viewers to ascertain and assess the damages to the plaintiff's property due to the carrying out of the plans of the Department of Highways. The proceeding here involved arose on an appeal from an award to the plaintiff made by the report of the majority of the viewers. The City of Erie moved to quash the viewers proceeding on the grounds that the municipality was not responsible for the damage to the plaintiff's property and that the plaintiff had waived all claims to damages in the 1914 viewers proceeding upon the widening and improvement of the highway. The learned court below denied the City's motion and proceeded to a trial of the plaintiff's appeal from the viewers' award. At trial, the defendant offered the record of the 1914 viewers proceeding as containing a waiver by the plaintiff of all damages with respect to the improvement of East Twelfth Street. On objection by the plaintiff, the learned trial judge excluded the former record. The jury returned a money verdict for the plaintiff, and the defendant moved for judgment n. o. v. The learned court below declined to pass on the defendant's motion but entered an order granting the defendant a new trial unless the plaintiff filed a stipulation agreeing to have admitted in evidence the excluded record of the prior proceeding. The plaintiff complied with this requirement and stipulated accordingly that the record might be taken as in evidence. Thereafter the learned court below denied the defendant's motion for judgment n. o. v. but, of its own motion, granted a new trial. After reargument, the grant of a new trial was

rescinded by a further order of the court below, and judgment was then entered on the verdict in favor of the plaintiff.

We shall treat first with the appellant's contention that it is not liable for the damages to the plaintiff's property resulting from the improvements to East Twelfth Street made in accordance with the Highway Department's plans. Unless the defendant municipality is liable for such damages, its second point as to the alleged waiver of damages by the plaintiff does not become pertinent.

Article XVI, Sec. 8, of the Constitution of Pennsylvania provides that "Municipal . . . corporations . . . invested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements. . . ." Municipalities are so invested by the Act of June 23, 1931, P. L. 932, Art. XXVIII, Sec. 2801 (53 P.S. § 12198-2801), which provides that "In the laying out, opening, widening, extending, vacating, grading, or changing the grades or lines, of streets . . . , [they] may enter upon, appropriate, take, use, occupy, injure, or destroy, private lands, property, . . .".

The appellant asserts that the Commonwealth is the proper party defendant and argues that there was no *taking* of property by virtue of the improvement, as contemplated by Art. I, Section 10, of the State Constitution, and that, consequently, since the Commonwealth was not liable for the damages to the plaintiff's property, the defendant's liability can be no greater. The rule laid down in *Ashley Borough Appeal,* 348 Pa. 322, 35 A. 2d 74, disposes of that contention adversely to the appellant. The action taken in the instant case closely parallels that taken in *Ashley Borough,* supra. There, as here, ordinances adopting plans of the Department of Highways for work affecting a State highway traversing the municipal subdivision were enacted

by the local governing authority, which then tried to shift to the Commonwealth the consequent liability. In an opinion by Mr. Justice STEARNE, this Court there said (348 Pa. at pp. 324-325) that "By the passage of the two ordinances the Borough of Ashley, and not the Commonwealth, became liable for all damages incident to the construction of the improvement. The ordinances were, in effect, condemnation ordinances and a manifestation of the borough's power of eminent domain. . . . By collaborating with the Highway Department for the purpose of constructing the state route, the Borough did not surrender its power of eminent domain. It cannot escape the liability resulting from the exercise of this power, and must respond to the party injured. Although the construction of the highway was accomplished in pursuance of an agreement between the Commonwealth and the Borough, the latter is not thereby divested of responsibility to the landowners for its exercise of eminent domain." So far as the record in the instant case discloses, there was not even an agreement between the Commonwealth and the City of Erie to furnish a suggestion that the municipality's liability was shifted to the Commonwealth. By adopting the plans of the Highway Department the City exercised its right to injure or destroy the plaintiff's property for a public use, pursuant to its power of eminent domain, and for that the constitution imposes the liability upon it.

The appellant's second contention could be overruled summarily. The alleged error, upon which it is based, is the denial by the court below of the defendant's motion for judgment n. o. v. Yet, that motion was predicated upon the record of the former viewers proceeding which was not admitted in evidence until after the close of the trial and the return of the jury's verdict. Such being the situation, a judgment n. o. v. could not properly have been entered; hence, the action of the learned court below with respect to the motion was not

error. As Mr. Justice PATTERSON said for this Court in *Kotlikoff v. Master, Admrx.*, 345 Pa. 258, 265, 27. A. 2d 35, "The rule applicable in such cases is well stated in *Huffman v. Simmons*, 131 Pa. Superior Ct. 370, at page 374. '. . . in entering judgment non obstante veredicto under the Act of April 22, 1905, P. L. 286, the judgment must be entered upon the evidence in the record in the court below as it existed at the close of the trial: *Dalmas v. Kemble*, 215 Pa. 410. If upon consideration of the whole evidence "it shall appear that a binding direction for either party would have been proper *at the close of the trial*, the court may enter judgment later with the same effect": Ibid, p. 413. But "the court can neither eliminate evidence which may have been improperly admitted, nor insert offers of evidence which should have been admitted but were excluded; the remedy in either case is a new trial".'" (citing cases). As already stated, no motion for a new trial was filed in the instant case.

However, in order that it may not seem that the defendant's contention with respect to the alleged waiver of damages by the plaintiff passes out of the case on a technicality, we take occasion to say that, even if the motion for judgment n. o. v. were treated as a motion for a new trial and error were asserted because of the trial court's exclusion of the proferred record, still we could not do other than confirm the propriety of the trial court's action in regard thereto.

It is a cardinal rule of construction that a waiver is to be construed strictly so as not ". . . to bar a claim which had not accrued at the date of the execution of the release . . . :" *Brill's Estate*, 337 Pa. 525, 527, 12 A. 2d 50. See also *Crum v. Pennsylvania Railroad Company*, 226 Pa. 151, 156, 75 A. 183, where it was held that a release covering one change in the course of a river, for which provision was made at the time the land in question was purchased, could not be extended to cover other changes made in the bed of the river.

It would be as unreasonable in fact as it would be un-warranted in law to hold in the instant case that the plaintiff's waiver of damages incident to the widening and improvement of East Twelfth Street in 1914 was intended to constitute a waiver of damages to the property from a different improvement under a different condemnation almost thirty years later. The learned trial judge very properly excluded the record of the former viewers proceeding.

Judgment affirmed.