## In re VACUUM CLEANER CORPORATION OF AMERICA, Debtor.

**Bankruptcy No. 83–02462G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

July 26, 1984.

J. Scott Victor, Melvin Lashner, Melvin Lashner Associates, Philadelphia, Pa., for debtor, Vacuum Cleaner Corporation of America.

Scott H. Mustin, Krekstein, Wolfson & Krekstein, P.C., Philadelphia, Pa., for Robert R. Baron.

Philip M. Shiekman, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., Assignor.

Lawrence J. Lichtenstein, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, Pa., for Creditors' Committee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is whether we should allow a creditor's claim over a debtor's objection that the claimant's release of the debtor from obligations to the claimant included an assigned debt which is the basis of the proof of claim. For the reasons stated herein, we will allow the claim.

The facts of the case are as follows: [1] Vacuum Cleaner Corporation of America, Inc. ("the debtor") filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code") on June 14, 1983. At the time of the filing of the petition, the debtor owed $8,782.12 to the law firm of Cohen, Shapiro, Polisher, Shiekman & Cohen ("Cohen, Shapiro") for previously rendered legal services.

On October 3, Robert R. Baron ("the claimant"), the debtor's principal and chief operating officer, and two other entities entered into a release agreement which stated in pertinent part:

(f) [The claimant] shall, and he hereby does, release, forgive and discharge [the debtor] and its directors, officers and employees from any and all obligations and liabilities of any kind or description; now or hereafter due [the claimant], exclusive of any claim for wages due [the claimant] for services rendered during

the two-week period prior to the filing of the Case, but only to the extent such does not exceed $3,000.00 in amount.

On September 28, Cohen, Shapiro had received from a third party $33,617.84 which represented the gross proceeds due the claimant on an unrelated matter. Cohen, Shapiro deducted various amounts due them from the proceeds, including $8,782.12 for the legal fees owed to them by the debtor. On October 14, the balance of the proceeds was remitted to the claimant. The debtor failed to introduce any evidence that the claimant ratified the application of his funds to the satisfaction of the debtor's obligation to Cohen, Shapiro, or received an assignment of the debt, prior to the execution of the release.

In February 1984, the claimant filed a proof of claim for $8,782.12 based on the assignment to him of Cohen, Shapiro's claim against the debtor. The debtor filed an objection to the proof of claim, alleging that the claimant had waived his right to assert the claim by virtue of the release.

The evidentiary effect to be afforded a proof of claim is specified in Rule 3001(f) which states that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." The debtor has failed to sustain the burden of proof necessary to overcome the presumption of the validity of the creditor's proof of claim.

Section 284 of the Restatement (Second) of Contracts offers a starting point for our analysis: "[A] release is a writing providing that a duty owed to the maker of a release is discharged immediately or on the occurrence of a condition." Restatement (Second) of Contracts § 284 (1981).

■■■ The law in Pennsylvania on releases is well established. Instruments, whereby a party surrenders rights to which he might otherwise be entitled, are strictly

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

construed. *Wenger v. Ziegler,* 424 Pa. 268, 226 A.2d 653, *reh'g denied* (1967). "[T]he words in a release ought never to be extended beyond the consideration; otherwise it would make a release to the parties, what they never intended or contemplated." *Rapp v. Rapp,* 6 Pa. 45 (1847). Accordingly, releases are construed so as not to bar a claim that had not accrued at the date of the execution of the release. *Henry Shenk Co. v. City of Erie,* 352 Pa. 481, 43 A.2d 99 (1945).

■ Corbin, in his treatise, *Corbin on Contracts,* commented on releases which appeared to be operative, not only with respect to some past and existing right, but also with respect to rights yet to accrue.[2] He distinguished between an effective release which discharges a present right to payment which is to become due in the future by virtue of a previous transaction between the parties, and an ineffective release which attempts to discharge a right accruing in the future. 5A A. Corbin, *Corbin on Contracts* § 1238 (1964).

Although unawareness of a right at the time of a release has been considered determinative in allowing a subsequent claim,[3] *Cockcroft v. Metropolitan Life Insurance Co.,* 125 Pa.Super 293, 189 A. 687 (1937); *Zurich General Accident and Liability Insurance Co. v. Klein,* 181 Pa.Super. 48, 121 A.2d 893 (1956), several recent cases have construed releases as discharging unknown claims which had accrued at the time of the execution of the release, *Three Rivers Motors Co. v. Ford Motor Co.,* 522 F.2d 885 (3d Cir.1975), or for which specific provision has been made, *Vermilya v. Nationwide Mutual Co.,* 280 Pa.Super. 504, 421 A.2d 835, *reh'g denied* (1980). When there is uncertainty about whether claims may arise from a previous transaction, a properly worded release will prevent the enforcement of such claims. *Corbin* § 1238.

The claimant released the debtor from all of its obligations to him as of October 3, with the exception of a specified wage claim. As we stated above, the debtor failed to prove that the assignment at issue took place prior to that date. The release can have no reference to the instant claim, since the right did not exist when the release was executed. Moreover, it was not a present right to payment which was to become due in the future by virtue of a previous transaction between the parties; nor was there specific language encompassing it within the release. We find, therefore, that the documentary evidence establishes that the scope of the release does not include the assigned debt.

■ The claimant attempted to introduce testimony to establish the parties' intention regarding the scope of the release. But the debtor countered that the testimony must be excluded by reason of the Parole Evidence Rule. This Rule bars the introduction of extrinsic evidence in interpreting a contract, in the absence of fraud, accident or mistake. *Gianni v. R. Russell & Co.,* 281 Pa. 320, 126 A. 791 (1924). An exception to the Rule, permitting the introduction of extrinsic evidence, arises when the language is ambiguous. *Schwartz v. Whelan,* 295 Pa. 425, 145 A. 525 (1929). While we agree with the debtor that the release is unambiguous, we conclude that it does not bar the instant claim.

Had the debtor proven that the assignment of the debt had been made prior to the execution of the release, the debt would have been included within the release's scope, and discharged. Since the debtor did not meet this burden, we conclude that the assigned debt was not discharged.

---

2. Corbin addressed the issue of claims subsequent to a release in his commentary on § 402 of the Restatement (First) of Contracts, the predecessor of § 284.

3. The claimant asserts that he did not know of Cohen, Shapiro's application of his funds to satisfy the debtor's obligation when he signed the release. He contends, *inter alia,* that the claim was not discharged by the release because it was unknown at the time of the release.