NESBITT, Judge.
Michael Hornstein (Seller) appeals a summary judgment entered in favor of Guarantee Insurance Company (Guarantee). We affirm.
The Seller conveyed to a purchaser (Buyer) certain real property under a warranty deed. The deed warranted that the property was free from all encumbrances. The attorney who conducted the title search of the property and prepared the abstract for the Buyer failed to discover two outstanding federal tax liens on the property. The attorney was insured under a professional liability policy issued by Guarantee. In order to remove the tax liens and extinguish the Buyer’s claim against the attorney, Guarantee issued a draft to the Internal Revenue Service and obtained a certificate of discharge of property from the liens. In its amended complaint, Guarantee seeks indemnification against the Seller for its damages arising out of the Seller’s breach of the warranty deed on the theories of equitable subrogation and unjust enrichment. Upon motion, the trial court entered summary judgment for Guarantee for the full amount claimed.
We affirm the summary judgment on the reasoning and law as set forth in the factually indistinguishable case of Zurich General Accident & Liability Insurance Co. v. Klein, 181 Pa.Super. 48, 121 A.2d 893 (1956), where the sellers raised substantially the same points on appeal as raised by the Seller herein.
Appellee [attorney’s malpractice insurer] paid a debt which was rightfully owed by appellants [sellers]. This payment by appellee was not officious since appellee was under a contractual duty to the attorney who searched the title. If his clients, the purchasers, had instituted an action against their title searcher and had recovered a judgment against him, the claim against the appellee could have been enforced by attachment execution and the appellee would have been obligated to pay the same to the purchasers, [citation omitted] Appellants have been unjustly enriched because appellee has discharged an obligation owed by appellants under such circumstances that appellants would be unjustly enriched by the retention of the benefits thus conferred. Appellants had, by general warranty deed, conveyed the premises to the purchasers. A vendor by general warranty is obliged to deliver a deed that is free of liens for taxes and he covenants to defend the grantee’s title against all mankind, the whole world, [citations omitted] Appellants failed to deliver a deed free and clear of taxes and failed to pay the obligation rightfully owed by them.... It is our opinion that these facts require the application of the equitable doctrines of unjust enrichment and restitution in order to prevent a miscarriage of justice.
Appellants argue that appellee did not prove that appellants authorized appellee to pay the money; that appellee did not prove that it was acting in behalf of appellants or that it had any authority from appellants to so act; and that there was no promise, either express or implied, that appellants would reimburse appellee. None of these proofs were necessary when it was proved that appellants were unjustly enriched at the expense of appellee.
Appellants also argue that appellee was a mere volunteer _ This argument is completely nullified by proof that appellee was under contract to make good to the purchaser for the attorney title searcher’s mistake. Appellants argue that there was no privity of contract. Under the doctrines here considered there need be no privity of contract. If there had been privity of contract appel-lee could have sued appellants in an as-sumpsit action at law. Equity for a long period of time has entertained jurisdic *110 tion of restitution actions for, inter alia, the reason that there was no privity of contract.
When the purchasers paid the municipalities’ past due taxes they would have been entitled to be subrogated to the position of the municipalities. When ap-pellee reimbursed the purchasers, it in turn would have been entitled to be sub-rogated to the rights of the purchasers, one of which rights would have entitled purchasers to maintain an action against the appellants for the breach of their general warranty. Surely equity could and should take jurisdiction to prevent this multiplicity of suits and enable ap-pellee to go directly against appellants.
Zurich, 121 A.2d at 894-96. Likewise, the Supreme Court of Oklahoma has held that equitable subrogation will allow an attorney’s insurance carrier to recover from a seller monies paid to discharge liens not discovered by the attorney during a title search:
Sellers breached the contractual duties encompassed by the provisions of the warranty deed and for that reason buyers suffered a loss. The burden of the loss buyers sustained was shifted to insurers when it became apparent their insured [the attorney] breached his duty of care to the buyers. In honoring the contractual obligation to indemnify their insured, insurers are not, as to the payment of the lien obligation, mere volunteers. Their interest is real, pecuniary and obligatory. The question is, therefore, as between these parties, insurers and sellers, which in equity should bear the greater responsibility for the loss? Sellers sold the property without applying the proceeds of the sale to the outstanding lien obligation. Sellers of necessity received more net proceeds from the real estate sale than that to which they were entitled. Implicit in the foregoing is the conclusion that sellers received an unjust enrichment as a result of their breach of warranty.
Under the circumstances in this particular case, and as between the two parties here, natural justice places the burden of bearing the loss where it ought to be, on the sellers, who breached their warranty and were unjustly enriched.
Lawyers’ Title Guarantee Fund v. Sanders, 571 P.2d 454, 456 (Okla.1977).
Our decision here today does not break new ground in this state. This court has previously held that a title insurance company could recover against a seller in an identical situation. See American Title Insurance Co. v. Coakley, 419 So.2d 816 (Fla. 3d DCA 1982). In Coakley, we held that any breach of the grantor’s covenant that the land is free and clear of encumbrances, including tax liens, “entitles the grantee, his assignee or subrogee to recover the amount paid to remove the lien on the property, with interest.” [emphasis added] 419 So.2d at 817. The principles of equitable subrogation apply to an attorney’s professional liability insurer that pays to have a lien removed just as well as they apply to a title insurance company acting in the same manner.
Accordingly, we find the Seller’s points on appeal to be without merit and affirm the summary judgment entered in favor of Guarantee.